UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Schwan's Consumer Brands North America, Inc., a Minnesota Corporation,<br><br>           Plaintiff,<br><br>v.<br><br>Home Run Inn, Inc., an Illinois Corporation; Power Play Distributors, LLC, an Illinois Limited Liability Company; Mark Rusin; and Joseph M. Vojvoda,<br><br>           Defendants. | Civil No. 05-2763 (DWF/JJG)<br><br><br>**MEMORANDUM OPINION AND ORDER** |

---

Alan L. Rupe, Esq., and S. Douglas Mackay, Esq., Kutak Rock LLP; and Jeanette M. Bazis, Esq., Greene Espel, PLLP, counsel for Plaintiff.

Gregory L. Peters, Esq., Seaton Beck & Peters, PA; and Michael J. Sheehan, Esq., Connelly Sheehan Harris, counsel for Defendants.

---

## Introduction

The above-entitled matter came before the undersigned United States District Judge on February 3, 2006, pursuant to a Motion to Dismiss or to Transfer brought by Defendants Home Run Inn, Inc. ("Home Run Inn"); Power Play Distributors, LLC ("PPD"); Mark Rusin; and Joseph M. Vojvoda. In its Verified Complaint (the "Complaint"), Plaintiff Schwan's Consumer Brands North America, Inc. ("Schwan") sets forth four counts: (1) Breach of Covenant Not-to-Compete (against Defendants Mark Rusin ("Rusin") and Joseph M. Vojvoda ("Vojvoda")); (2) Breach of Confidentiality Covenant (against Rusin and Vojvoda); (3) Tortious Interference with Contractual

Relations (against Defendants Home Run Inn and PPD); and (4) Misappropriation of Schwan's Trade Secret and Confidential and Proprietary Information (against all defendants).  For the reasons set forth below, Defendants' Motion to Dismiss or to Transfer is granted in part and denied in part.

**Background**

This case arises out of a dispute between Schwan and two of its former employees, Rusin and Vojvoda, regarding Rusin and Vojvoda's employment by PPD, a direct competitor of Schwan, and Rusin and Vojvoda's purported retention and use of Schwan's alleged confidential and proprietary information after the two employees left their employment with Schwan.

Schwan, a Minnesota corporation with its principal place of business in Bloomington, Minnesota, is a national manufacturer and distributor of frozen foods.  PPD is an Illinois limited liability company and a regional distributor of frozen foods serving Illinois, parts of northwest Indiana, and Milwaukee, Wisconsin.  One of the product lines that PPD distributes is Home Run Inn pizza.  Home Run Inn is an Illinois corporation.

Rusin and Vojvoda are Illinois residents who previously worked for Schwan in Illinois and now work for PPD in Illinois.  Rusin and Vojvoda were never assigned to sales territory in Minnesota when they worked for Schwan, or in their new positions with PPD.  Rusin and Vojvoda signed contracts with Schwan that each included the following clause:

> For purposes of any such proceeding [for injunctive and equitable relief] the Company and the Employee submit to the non-exclusive jurisdiction of the courts of the State of Minnesota and of the United States located in the State of Minnesota, and each agrees not to raise and waives any objection

2

> to or defense based on the venue of any such court or *forum non conveniens*.

(Verified Complaint, Ex. 1 (Rusin contract at ¶ 4.4); Ex. 2 (Vojvoda contract at ¶ 4.4) (emphasis in originals).) These contracts were signed in Illinois.[1] Over the course of his ten-year career with Schwan, Vojvoda visited Minnesota for a total of ten weeks for training purposes.

Defendants assert that the corporate defendants—PPD and Home Run Inn—do not have sufficient contacts with Minnesota to confer personal jurisdiction. Defendants acknowledge that Home Run Inn sells a small portion of its frozen pizza products in Minnesota. And Home Run Inn's website advertises the location of its products in several Minnesota stores. The parties do not dispute that Home Run Inn's minimal sales in Minnesota are not connected to the matter at issue. It is also undisputed that PPD sells nothing itself in Minnesota. However, PPD admits that it buys goods in Minnesota and distributes them in Indiana and Illinois. All of Defendants' witnesses are in Illinois. Schwan asserts that it has a number of material witnesses in Minnesota, but does not specify the identity of those witnesses.

## Discussion

### I. Personal Jurisdiction

Defendants' Motion to Dismiss asserts that Defendants have no contacts with this forum to confer personal jurisdiction over them.

---

[1] Rusin and Vojvoda assert that these were unenforceable contracts, as they were not supported by consideration and contracts of adhesion. However, Defendants assert that the contracts were supported by adequate consideration, and, moreover, that the agreements were not contracts of adhesion.

When personal jurisdiction has been challenged, the plaintiff has the burden to show that personal jurisdiction exists. *Burlington Indus., Inc. v. Maples Indus., Inc.*, 97 F.3d 1100, 1102 (8th Cir. 1996) (citing *Gould v. P.T. Krakatau Steel*, 957 F.2d 573, 575 (8th Cir. 1992)). However, to survive a motion to dismiss for lack of personal jurisdiction, the plaintiff need only make a prima facie showing of personal jurisdiction over the defendant. *Digi-Tel Holdings, Inc. v. Proteq Telecomms. (PTE), Ltd.*, 89 F.3d 519, 522 (8th Cir. 1996) (citing *Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A.*, 51 F.3d 1383, 1387 (8th Cir. 1995)). When considering whether personal jurisdiction exists, the court may consider matters outside the pleadings; the court may inquire, by affidavits or otherwise, into the facts as they exist. *Stevens v. Redwing*, 146 F.3d 538, 543 (8th Cir. 1998) (quoting *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947)).  For the purposes of determining whether the plaintiff has made a prima facie showing of personal jurisdiction, the court must view the evidence in the light most favorable to the plaintiff and resolve all factual conflicts in the plaintiff's favor. *Digi-Tel*, 89 F.3d at 522 (citing *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387 (8th Cir. 1991)).

In determining whether a court has personal jurisdiction over a non-resident defendant, a court must ordinarily satisfy both the requirements of the state long-arm statute and of federal due process. *Digi-Tel*, 89 F.3d at 522 (citing *Northrup King*, 51 F.3d at 1387).  However, because the Minnesota long-arm statute extends jurisdiction to the maximum limit consistent with due process, a court in Minnesota need only evaluate whether the requirements of due process are satisfied. *Wessels, Arnold & Handerson v.*

4

*National Med. Waste, Inc.*, 65 F.3d 1427, 1431 (8th Cir. 1995).  Therefore, when analyzing most personal jurisdiction questions in Minnesota, courts may simply apply the federal standards.  *Valspar Corp. v. Lukken Color Corp.*, 495 N.W.2d 408, 411 (Minn. 1992).

    Federal due process requires that a defendant have "certain minimum contacts" with the forum state such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *International Shoe Co. v. Washington, Office of Unemployment Comp. and Placement*, 326 U.S. 310, 316 (1945) (internal quotations omitted).  The defendant's conduct and connection with the forum state must be such that the defendant should reasonably anticipate being haled into court there.  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

    It is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).  The defendant's contacts must be more than "random," "fortuitous," or "attenuated," *Digi-tel*, 89 F.3d at 522 (quoting *Burger King*, 471 U.S. at 475).  Instead, the contacts must result from the actions of the defendant itself to create a "substantial connection" with the forum state.  *Id.*; *see also Bell Paper Box, Inc. v. Trans Western Polymers, Inc.*, 53 F.3d 920, 922 (8th Cir. 1995) (quoting *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223) (1957)).

In accordance with the basic principles of federal due process, the Eighth Circuit applies a five-factor test in determining whether the exercise of personal jurisdiction would pass constitutional muster:  (1) the nature and quality of defendant's contacts with the forum state; (2) the quantity of contacts; (3) the source and connection of the cause of action with those contacts; and, to a lesser degree, (4) the interest of the forum state; and (5) the convenience of the parties.  *Wessels*, 65 F.3d at 1432.  The first three factors are of primary importance, while the last two are "secondary factors."  *Minnesota Mining and Mfg. Co. v. Nippon Carbide Indus. Co., Inc.*, 63 F.3d 694, 697 (8th Cir. 1995).

The third factor distinguishes between specific and general jurisdiction.  *Digi-Tel*, 89 F.3d at 523, n.4 (citing *Wessels*, 65 F.3d at 1432, n.4).  Constitutional law distinguishes between "general" and "specific" jurisdiction cases.  *Valspar*, 495 N.W.2d at 411.  In a general jurisdiction case, a defendant maintains such "continuous and systematic" contacts with a state that it becomes subject to the jurisdiction of that state's courts for any purpose.  *Morris v. Barkbuster, Inc.*, 923 F.2d 1277, 1281 (8th Cir. 1991) (quoting *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 n.9, 416, 418–19 (1984)); *Valspar*, 495 N.W.2d at 411.  Specific jurisdiction requires that a defendant has "purposely directed" its activities at residents of the forum and that the litigation results from alleged injuries that "arise out of or relate to" those activities.  *Wessels*, 65 F.3d at 1432 (quoting *Burger King*, 471 U.S. at 472).

Eighth Circuit precedent has established that a party may consent to personal jurisdiction by entering a contract that contains a forum selection clause.  *St. Paul Fire and Marine Ins. Co. v. Courtney Enters., Inc.*, 270 F.3d 621, 624 (8th Cir. 2001).

Moreover, due process is satisfied when a defendant consents to personal jurisdiction in this way. *Dominium Austin Partners, L.L.C. v. Emerson*, 248 F.3d 720, 726 (8th Cir. 2001) (citing Burger King, 471 U.S. at 472, n.14).

Schwan contends that jurisdiction exists over Defendants Rusin and Vojvoda, pursuant to the forum selection clauses contained in their employment agreements. Schwan also asserts that because Home Run Inn sells its frozen pizza in Minnesota, and advertises such sales through its nationwide website, jurisdiction is established over Home Run Inn. In addition, Schwan contends that jurisdiction exists over PPD because PPD admits that it buys goods in Minnesota and distributes these goods in Illinois and Indiana.

The Court finds that although fact questions exist as to the validity of the employment agreements that Rusin and Vojvoda signed, and thus as to the validity of the forum selection clauses, the existence of the forum selection clauses at issue are sufficient to create a prima facie case of personal jurisdiction over Rusin and Vojvoda.[2] However, the Court finds that neither PPD's purchase of goods in Minnesota nor Home Run Inn's passive internet activity in Minnesota is sufficient to confer general or specific jurisdiction over the two corporate defendants. Moreover, Home Run Inn's sales of a minimal amount of pizzas in Minnesota are an insufficient basis upon which to find personal jurisdiction over Home Run Inn. As a result, the Court finds that Home Run Inn and PPD should be dismissed from this action for lack of personal jurisdiction.

---

[2] Moreover, the Court finds that the forum selection clauses, if valid, are sufficient to lay venue in this Court.

**II.     Transfer**

Alternatively, Defendants contend that pursuant to 28 U.S.C. § 1404(a), the Court should transfer the case to the Northern District of Illinois.  Section 1404(a) states:  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Generally, transfer under section 1404(a) "should not be freely granted."  *In re Nine Mile Ltd.*, 692 F.2d 56, 61 (8th Cir. 1982), overruled on other grounds, *Missouri Housing Development Com'n v. Brice*, 919 F.2d 1306, 1310–11 (8th Cir. 1990).  The party seeking transfer bears the burden of proof to show that the balance of factors "strongly" favors the movant.  *United Mortg. Corp. v. Plaza Mortg. Corp.*, 853 F. Supp. 311, 315 (D. Minn. 1994).  In considering a motion to transfer pursuant to section 1404(a), the Court must consider "a number of case-specific factors," such as the presence or absence of a forum selection clause, convenience of the parties and witnesses, access to sources of proof, and the interests of justice.  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

**A.     Convenience of Parties**

A presumption in favor of plaintiff's choice of forum exists.  *Christensen Hatch Farms, Inc. v. Peavey Co.*, 505 F. Supp. 903, 911 (D. Minn. 1981).  Section 1404(a) provides for transfer to a more convenient forum, "not to a forum likely to prove equally convenient or inconvenient, and a transfer should not be granted if the effect is simply to shift the inconvenience to the party resisting the transfer."  *Graff v. Qwest*

*Communications Corp.*, 33 F. Supp. 2d 1117, 1121 (D. Minn.1999) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 646 (1964)).

Schwan has brought suit in its home state, Minnesota, indicating that Minnesota is a convenient forum. To transfer the forum to Illinois would merely shift the convenience to the Defendants' choice of forum. Thus, the Court finds that this factor does not weigh in favor of transfer.

### B.    Convenience of Witnesses

The convenience of witnesses is an important factor for the Court and the parties because it determines the "relative ease of access to sources of proof." *Nelson v. Master Lease Corp.*, 759 F. Supp. 1397, 1402 (D. Minn. 1991) (quotation omitted). In considering the issue of convenience to witnesses, courts have focused on a number of factors including the number of non-party witnesses, the location of all witnesses, and the preference of courts for live testimony as opposed to depositions. *Graff*, 33 F. Supp. 2d at 1121 (citing *Van Dusen*, 376 U.S. at 646).

Defendants assert that all potential witnesses are located in Illinois. Although Schwan concedes that fact witnesses reside in Illinois, because Schwan's corporate headquarters are in Minnesota, Schwan contends that a number of material witnesses are in Minnesota. However, Schwan has not identified these Minnesota witnesses. Because the Court finds that the majority of witnesses are in Illinois, this factor weighs in favor of transfer.

### C.    Interests of Justice

The Court must also evaluate what venue will best promote the interests of justice. *Graff*, 33 F. Supp. 2d at 1122.  A number of relevant considerations include relative familiarity with the law to be applied, the relative ability of the parties to bear the expenses of litigating in a distant forum, judicial economy, and the plaintiff's choice of forum. *Id*.

Here, the trial is not likely to be long, especially considering that only Rusin and Vojvoda remain as defendants in the matter.  As noted above, Rusin and Vojvoda entered into forum selection clauses that specify that Rusin and Vojvoda agreed to Minnesota as the forum.  Although the enforceability of these forum selection clauses is disputed by Rusin and Vojvoda, the Court affords some weight to the forum selection clauses.  Defendants concede that, pursuant to Rusin and Vojvoda's employment agreements, Minnesota law may likely govern this dispute.  (Defendant's Memorandum of Law in Support of Motion to Dismiss or to Transfer at 11.)  Even if Illinois law governed, there is no question that a Minnesota court would be qualified to effectively apply such law.  Certainly, Schwan is better equipped to bear the cost of litigating in a distant forum than these two individual defendants.  However, the Court finds that the interests of justice, as a whole, do not weigh in favor of transfer.

Defendants have not met their burden of demonstrating that the balance of factors strongly favors their request to transfer the case to a court in the Northern District of Illinois.  Therefore, the Court denies Defendants' transfer request.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. Defendants' Motion to Dismiss (Doc. No. 7) is **DENIED IN PART** and **GRANTED IN PART**, as follows:

    a. Defendants' Motion to Dismiss for lack of personal jurisdiction as to Defendants Rusin and Vojvoda is **DENIED**.

    b. Defendants' Motion to Dismiss for lack of personal jurisdiction as to Defendants Home Run Inn and PPD is **GRANTED**. Defendants Home Run Inn and PPD are **DISMISSED WITHOUT PREJUDICE**.

    c. Defendants' Motion to Dismiss for improper venue is **DENIED**.

    d. Defendants' Motion to Transfer is **DENIED**.

Dated: March 15, 2006                        s/Donovan W. Frank
                                                  DONOVAN W. FRANK
                                                  Judge of United States District Court